IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01904-PAB-SKC

RONALD E. FIELDS,

    Plaintiff,

v.

TIAA, a/k/a TEACHER INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, a Foreign Nonprofit Corporation of New York, registered to do business in Colorado,

    Defendant.

---

## ORDER

---

    This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice [Docket No. 7]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

    This dispute involves an employer's alleged discriminatory actions toward plaintiff.[1] Plaintiff began working for defendant in January 2008. Docket No. 1 at 4, ¶ 13. Plaintiff alleges that he was subject to discrimination over the course of his employment. *Id.* at 5-10, ¶¶ 19-46. He brings various claims under Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). *Id.* at 10-18.

    On February 13, 2019, plaintiff filed a charge with the Equal Employment

---

[1] The Court assumes that the allegations in plaintiff's complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

Opportunity Commission ("EEOC"), alleging discrimination on the basis of age, medical condition, and race, and retaliation for reporting the same. *Id.* at 3, ¶ 9. The EEOC issued a right to sue letter on March 28, 2019, which plaintiff received on March 30, 2019. *Id.*, ¶ 11.

Plaintiff filed suit on July 1, 2019. *See generally* Docket No. 1. Defendant filed a motion to dismiss on October 23, 2019, arguing, among other things, that plaintiff is barred from suit for failing to file his complaint within ninety days of receipt of his right to sue letter. *See* Docket No. 7 at 4. As a result, defendant contends that plaintiff's claims must be dismissed. *Id.* Plaintiff responds that, pursuant to Federal Rule of Civil Procedure 6, his last day to file was July 1, 2019, the date on which he filed suit. Docket No. 12 at 3-4.

Title VII, the ADEA, and the ADA require that a plaintiff file suit within ninety days of receipt of a right to sue letter. *See* 29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (adopting the limitations period found in § 2000e-5(f)(1) for the ADA). The filing requirement is a "condition precedent to suit that functions like a statute of limitations." *Panicker v. Compass Grp. U.S.A. Inc.*, 712 F. App'x 784, 785 (10th Cir. 2017) (unpublished) (quoting *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995)). It is the "receipt at a plaintiff's address of the right to sue letter [that] constitutes receipt sufficient to start the running of the time period for filing a discrimination action." *Million*, 47 F.3d at 388.

Plaintiff argues that Federal Rule of Civil Procedure 6 governs the rules for computing the date on which plaintiff was required to file suit. Docket No. 12 at 4. As

2

relevant here, Rule 6 applies to "any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). Furthermore, "[w]hen the period is stated in days or a longer unit of time," courts should (1) "exclude the day of the event that triggers the period"; (2) count every day, including weekends and legal holidays, and (3) "include the last day of the period," unless the last day is a weekend or legal holiday, in which case the period will run until the next weekday or non-legal holiday. Fed. R. Civ. P. 6(a)(1)(A)-(C). Plaintiff argues that, pursuant to this rule, the first day is excluded, meaning that the clock begins to run on March 31, 2019. Docket No. 12 at 4. According to plaintiff's calculations, ninety days from March 31 is Saturday, June 29, 2019. *Id.* Because this date is a Saturday, plaintiff argues that the period continues running until Monday, July 1, 2019, the date on which he filed his complaint. *Id.*

The Tenth Circuit has not explicitly addressed the extent to which Rule 6 applies to the ninety day period to file a suit after receiving a right to sue letter. However, the Tenth Circuit has consistently interpreted the plain language of "receipt" to mean the day that a plaintiff received the letter. *See, e.g.*, *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (unpublished) (including the day of receipt, April 3, 2002, in calculating that the suit was filed one day late on July 3, 2002); *Million*, 47 F.3d at 387 (including the day of receipt, August 10, 1991, in calculating that the plaintiff filed suit four days late on September 13, 1991). This interpretation makes sense because all three statutes explicitly start the clock on the "receipt" of the right to sue letter. *See* 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a).

Regardless of whether day one is March 30, 2019, the day plaintiff received the

right to sue letter, or the next day, March 31, 2019, ninety days is still not Saturday, June 29, 2019 as plaintiff suggests. *See* Docket No. 21 at 3. If day one is March 31, as plaintiff contends, day ninety is June 28, 2019, a Friday. *Id.* If day one is the date of receipt, March 30, day ninety is June 27, 2019, a Thursday. *Id.* Thus, regardless of Rule 6 and the first day exclusion, plaintiff was required to file suit by June 28, 2019 at the latest. Because this was a Friday, plaintiff's arguments regarding skipping to the next weekday are irrelevant. Plaintiff filed suit on July 1, which was after the expiration of the ninety day period. *See* Docket No. 1.

Absent equitable considerations, which plaintiff does not argue in regards to the timeliness of suit, even a day late requires dismissal. *See Sandle*, 201 F. App'x at 582 (dismissal after one day late); *Ley v. Charles Schwab and Co., Inc.*, No. 18-cv-02207-MSK-STV, 2019 WL 2357064, at *2 (D. Colo. June 4, 2019) (dismissal after eight minutes late). Because plaintiff filed suit beyond the ninety day period, and there are no grounds for equitable tolling, plaintiff's claims must be dismissed.[2]

It is therefore

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice [Docket No. 7] is **GRANTED**. It is further

**ORDERED** that plaintiff's first, second, third, fourth, fifth, and sixth claims for

---

[2] In his complaint, plaintiff mentions claims based on the Fair Labor Standards Act and the Family and Medical Leave Act. Docket No. 1 at 1-2, ¶ 1. Defendant argues that the mere recital of these statutes fails to state a claim. Docket No. 7 at 10-11. Plaintiff states that the inclusion of these statutes was a mistake. Docket No. 12 at 13. Indeed, none of plaintiff's six claims for relief mention either of the statutes. Docket No. 1 at 10-18. To the extent that plaintiff's lone statements in the first paragraph of the complaint could be construed as asserting claims based on these statutes, the Court dismisses them without prejudice.

relief are **DISMISSED** with prejudice.  It is further

    **ORDERED** that any claims that could be construed as brought under the Fair Labor Standards Act, 20 U.S.C. § 216 *et seq.*, or the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, are **DISMISSED** without prejudice.  It is further

    **ORDERED** that judgment shall enter for defendant and against plaintiff on all claims.  It is further

    **ORDERED** that this case is closed.

DATED August 17, 2020.

                        BY THE COURT:

                        PHILIP A. BRIMMER  
                        Chief United States District Judge